# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN CHRISTOPHER ROYLE, | CASE NO. 12cv659-LAB (RBB) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| DAVID LONG, | |
| Respondent. | |

Kevin Royle, a prisoner in state custody following a conviction for first degree murder and assault with a semi-automatic firearm, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Royle argued that the state trial court violated his due process rights by denying his request for a jury instruction on imperfect self-defense, and on justifiable homicide based on self-defense; and that prosecutorial misconduct violated his fair trial, due process, and jury trial rights. He contended that during closing arguments, the prosecutor improperly appealed to the jury's passions and prejudices. Pursuant to 28 U.S.C. § 636, this matter was referred to Magistrate Judge Ruben Brooks for report and recommendation.

Respondent David Long filed an answer, but Royle filed no traverse. Nine months after the traverse should have been filed, on June 3, 2013, Judge Brooks issued his report and recommendation (the "R&R"), recommending denying the petition on the merits. The R&R is very substantial, at 35 pages, and addressed the merits of Royle's claims in detail. The R&R concluded Royle's claim concerning the jury instructions failed on the merits. It

concluded that although the prosecutorial misconduct claims might have been procedurally defaulted, reaching the merits was more expeditious.[1] It then reviewed the claims on the merits, and found they should be denied.

Royle's objections to the R&R were originally due July 1, but he was granted an extension until August 15. The order granting that extension (Docket no. 18) reminded him that failure to file objections within the time permitted may waive the right to appeal the Court's order. On July 26, the Court rejected by discrepancy order his motion for stay and abeyance, so that he could return to state court and exhaust his state remedies as to another issue he says he overlooked.[2] Since then, Royle has filed no objections, nor sought additional time in which to do so. He did, however, attempt to file a motion to reconsider the discrepancy order rejecting his motion for stay and abeyance. That motion was again properly rejected, and in any event had no bearing on the claims he raised in his petition here, nor on whether the R&R was correct.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly

---

[1] One unusual occurrence at trial was that the jury's foreperson objected to some of the prosecutor's remarks urging them to see the case from the victim's perspective, and the court sustained the objection. On state habeas review, this was held to have been forfeited because defense counsel didn't request a curative instruction. It isn't certain whether California's law requiring a defense objection in order to preserve error in such a situation was clear, consistently applied, and well-established. *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994) (state rule giving rise to procedural default must be "clear, consistently applied, and well-established at the time of the petitioner's purported default.") Rather than address that thorny issue, the R&R correctly found that the state court's alternative basis for its ruling—that the alleged misconduct was harmless---was reasonable. In addition to the reasons given in the R&R, the Court would also add that a juror's objection to the prosecutor's argument suggests, if anything, they were likely to be swayed in Royle's favor, not against him.

[2] Judge Brooks rejected the motion for filing because it lacked a certificate of service. But the Court also notes that stay and abeyance would have been futile. The California Supreme Court denied his petition for review on March 2, 2011, and his conviction became final 90 days after that, on June 1, 2011. He filed his petition in this Court on March 5, 2012. Even if he could show he filed his state petition as to his new claim "within a reasonable time" and "without substantial delay," which is questionable, *see In re Harris*, 5 Cal.4th 813, 828 n.7 (1993), AEDPA's one-year limitations period on that claim has long expired, because the pendency of a federal habeas petition does not toll it. *See* 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This section does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Here, it is clear Royle could have filed objections to the R&R, but did not do so. The Court has reviewed the R&R, finds it to be correct, and **ADOPTS** it. The petition is **DENIED**.

Bearing in mind both the absence of clearly established federal law on important issues, and the deference due to state court determinations, the Court concludes that jurists of reason would not find this resolution debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: August 30, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge